COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| SHOLOMO DAVID, | § | No. 08-18-00059-CR |
| Appellant, | § | Appeal from the |
| v. | § | 41st District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20160D05398) |

## **O R D E R**

On April 12, 2021, this Court reversed David Sholomo's conviction due to legal insufficiency and rendered a judgment of acquittal. As a result of this acquittal judgment, Sholomo is entitled to immediate release pending final review of this case by the Texas Court of Criminal Appeals, subject to reasonable bail set by this Court. *See* TEX.CODE CRIM.PROC.ANN. art. 44.04(h)(naming court of appeals as the court responsible for setting terms of reasonable bail before a petition for discretionary review is filed with the Texas Court of Criminal Appeals); *Taylor* v. State, 564 S.W.3d 501, 503 (Tex.App.—Houston [14th Dist.] 2018, op. on order).

Sholomo has filed a motion to set a reasonable bond under Article 44.04(h). Sholomo asserts that he has no funds to pay a surety bond and is therefore requesting the setting of a personal recognizance bond, or, alternatively, "a very low cash surety bond." The State has filed a response requesting that bond be set at $25,000. The State points to the gravity of the sentence in this case

(approximately 30 years in prison) and notes that Sholomo previously violated the conditions of a $10,000 pretrial personal recognizance bond by failing to report to the pretrial bond office, which resulting in a capias for his arrest and a reset of bond to $25,000 surety/cash bond and a $10,000 personal bond.

The purpose of bail, both pretrial and post-appeal, is to secure the presence of the accused. *Taylor*, 564 S.W.3d at 503. In setting bail following reversal and remand in the court of appeals, the primary factors that should be considered by the court of appeals are: (1) the fact that the conviction has been overturned; (2) the State's ability, if any, to retry the appellant; and (3) the likelihood that the decision of the court of appeals will be overturned. *Id*. at 504.

There are a number of other factors we consider in making this determination as well. Article 17.15 of the Texas Code of Criminal Procedure requires courts to consider the following in making their determinations to set bail:

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

TEX.CODE CRIM.PROC.ANN. art. 17.15. The Court of Criminal Appeals has provided additional factors to consider that other courts have applied to setting bail: (1) the defendant's work record; (2) the defendant's family and community ties; (3) the defendant's length of residency; (4) the defendant's prior criminal record; (5) the defendant's conformity with previous bond

2

conditions; (6) the existence of other outstanding bonds, if any; and (7) aggravating circumstances alleged to have been involved in the charged offense. *Id*. at 504.

Having reviewed the record before us and the arguments of Sholomo and the State, **we set a cash or surety bond at $15,000 coupled with a personal recognizance bond.**

Any further conditions on the cash or surety bond and the personal recognizance bond such as reporting requirements, monitoring, drug testing, or other requirements will be set by the trial court in the exercise of its discretion, and any sureties on bail must be approved by the trial court as required by the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. arts. 17.40 & 44.04(h); *Taylor*, 564 S.W.3d at 505. As such, we refer all remaining bail matters to the trial court for further proceedings consistent with this order.

IT IS SO ORDERED THIS 19TH DAY OF APRIL, 2021.


PER CURIAM

Before Rodriguez, C.J., Palafox, and Alley, JJ.